# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES PUDDICOMBE,                )
                                 )    C.A. No. K25C-02-021 RLG
            Plaintiff,           )
                                 )
CITY OF MILFORD, F. TODD         )
CULOTTA, MARK WHITFIELD,         )
WILLIS SHAFER, and JAMESHA       )
WILLIAMS,                        )
                                 )
            Defendants.          )


**Submitted:  August 21, 2025**
**Decided:  August 29, 2025**


## MEMORANDUM OPINION AND ORDER


***Upon Defendant's Motion to Dismiss***
**GRANTED in part, DENIED in Part.**


*Pro Se* Plaintiff.

Scott G. Wilcox, Esquire, Giordano & Gagne, Wilmington, Delaware.  *Attorney for Defendants City of Milford, F. Todd Culotta, Mark Whitfield, Willis Shafer, and Jamesha Williams.*


**GREEN-STREETT, J.**

## I.      Introduction

A former city engineer for the city of Milford alleges the city, through several of its employees, retaliated against him for refusing to perform work he deemed unethical.  The city and its employees filed a Motion to Dismiss, arguing the plaintiff lacked a legal basis to proceed with his claims.  The plaintiff has sufficiently pled allegations that, if true, would entitle him to recover against the defendants – with some exception.  Accordingly, the Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

## II.      Factual and Procedural Background

Plaintiff James Puddicombe worked as a city engineer for Milford, Delaware until February 2025.[1]  That employment did not end amicably.  Consequently, Mr. Puddicombe filed the instant Complaint asserting claims of Wrongful Discharge; Tortious Interference with a Contract; Civil Conspiracy; Intentional Infliction of Emotional Distress; Trespass to Personal Property; and Family Leave and Medical Act ("FMLA")[2] retaliation.[3]  Mr. Puddicombe asserts his termination stemmed from his refusal to perform work he determined had not been approved properly.[4]  His

---

[1] Compl. at 1.

[2] 29 U.S.C. § 2601.

[3] See id.

[4] Id. at 3.

2

various claims allege that the city of Milford; the mayor of Milford, F. Todd Culotta; the city manager of Milford, Mark Whitfield; the public works director of Milford, Willis Shafer; and the human resources director for the city of Milford, Jamesha Williams (the "Defendants") worked in tandem to retaliate against him for his failure to proceed with that work.[5] Mr. Puddicombe filed the Complaint on February 20, 2025.[6]

Counsel for Defendants entered his appearance on March 18, 2025.[7] On March 19th, Mr. Puddicombe filed a Motion for Default Judgment against Defendants for failing to respond to the Complaint.[8] Defendants filed a Motion for Extension of Time, citing defense counsel's recent entry onto the litigation and his efforts to ask Mr. Puddicombe for an extension.[9] The Court granted that extension over Mr. Puddicombe's objection.[10]

On April 4, 2025, Defendants filed a Motion to Dismiss under Superior Court Civil Rule 12(b)(6), stating "[a]ll claims must fail because Plaintiff was an at will-

---

[5] Id.

[6] D.I. 1 (Feb. 20, 2025).

[7] D.I. 9 (Mar. 18, 2025).

[8] D.I. 10 (Mar. 19, 2025).

[9] D.I. 11 (Mar. 20, 2025).

[10] D.I. 13 (Mar. 25, 2025) (Mr. Puddicombe's objection to an extension of time); D.I. 14 (Mar. 26, 2025) (the Court's Order granting the extension of time).

employee."[11]  Mr. Puddicombe filed his Response on April 21.[12]  The Court held oral argument for both the Motion for Default Judgment and the Motion to Dismiss on May 23, 2025.  At that time, the Court orally denied the Motion for Default Judgment.

## III.    Standard of Review

Under Superior Court Civil Rule 12(b)(6), a complaint survives a motion to dismiss if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[13]  All well-pled allegations are accepted as true, and all reasonable inferences are viewed in a light most favorable to the non-moving party.[14]  The "universe of facts considered in a motion to dismiss are those [pled] within the confines of the complaint."[15]

---

[11] Mot. to Dismiss at 1, D.I. 17. (Apr. 4, 2025).

[12] D.I. 19 (Apr. 21, 2025).

[13] Spence v. Funk, 396 A.2d 967, 968 (Del. 1978).

[14] Id.

[15] Doe 30's Mother v. Bradley, 58 A.3d 429, 443 (Del. Super. 2012).

## IV. Analysis

### A. Mr. Puddicombe's claim for Wrongful Discharge survives the Motion to Dismiss as to his employer, but not as to the individual defendants

Mr. Puddicombe's first claim – stylized as "Wrongful Discharge in Violation of Due Process" – alleges that Defendants terminated his employment "in retaliation for engaging in protected activities."[16] Defendants contend that Mr. Puddicombe's status as an at-will employee bars any claim for wrongful discharge.[17] Further, Defendants argue Mr. Puddicombe waived any hearing he may have been entitled to regarding his termination via email.[18] In response, Mr. Puddicombe asserts that Delaware courts permit wrongful discharge claims to proceed – even in the case of an at-will employee – if the discharge violates public policy.[19]

Generally, an at-will employment agreement may be discharged "without demonstrating to anyone else's satisfaction that the reasons for doing so are valid, reasonable[,] or appropriate."[20] Defendants' supposition that an at-will employee

---

[16] Compl. at 3.

[17] Mot. to Dismiss at 2.

[18] Id. at 3.

[19] Resp. at 1-2.

[20] Shearin v. E.F. Hutton Grp., Inc., 652 A.2d 578, 585 (Del. Ch. 1994).

"can be terminated for any reason, at any time, with or without cause,"[21] however, ignores several identified exceptions to the at-will employment doctrine recognized by Delaware courts. One such exception triggers if the discharged employee can "assert a public interest recognized by some legislative, administrative[,] or judicial authority, and … [occupies] a position with responsibility for that particular interest."[22]

In the Complaint, Mr. Puddicombe alleges that his termination came as retaliation for refusing to perform work that he felt violated "ethics and possibly statutes in addition to financial rules within the City Charter, Article 6."[23] Accepting that allegation as true, and drawing all reasonable inferences in favor of Mr. Puddicombe, his discharge conceivably falls within the public policy exception to the at-will doctrine. Accordingly, this claim survives dismissal as to Mr. Puddicombe's employer – the city of Milford. As to the other Defendants, they were not Mr. Puddicombe's employer, and, thus, could not have discharged him – wrongfully or otherwise. Mr. Puddicombe's wrongful discharge claims against the individuals named in the Complaint are dismissed.

---

[21] Mot. to Dismiss at 2.

[22] E.I. DuPont de Nemours & Co. v. Pressman, 679 A.2d 436, 441 (Del. 1996) (quoting Shearin, 652 A.2d at 585).

[23] Compl. at 3.

6

Concerning the due process argument advanced by Mr. Puddicombe, Defendants argue the review process referenced in the City of Milford Code "does not provide a clearly defined process."[24] Defendants also contend Mr. Puddicombe waived any right to challenge his termination in an email he sent to Defendants.[25] Mr. Puddicombe retorts that his email was taken out of context. As the email falls outside the documents provided to the Court in the Complaint, it does not lie within "the universe of facts" this Court considers in a motion to dismiss. At this juncture, the Court declines to convert Defendants' motion to one for summary judgment, and will not consider any documentation outside the pleadings.

**B.** **Mr. Puddicombe's tortious interference claim is dismissed in part as to his employer, but survives dismissal as to the individual defendants**

Mr. Puddicombe advances two separate claims of tortious interference – one relating to his employment contract and one relating to a contract with a third party, the American Public Works Association.[26] In the first claim, Mr. Puddicombe argues the Defendants made false allegations and misrepresented facts to undermine his employment contract.[27] In the second claim, Mr. Puddicombe asserts Defendants

---

[24] Mot. to Dismiss at 2.

[25] Id.

[26] Compl. at 4-5.

[27] Id. at 4.

7

rescinded permission for Mr. Puddicombe to attend "previously scheduled travel, which was a requirement to complete contract with APWA [sic]."[28]

Defendants posit two separate reasons Mr. Puddicombe's tortious interference claims must be dismissed. First, Defendants cite <u>WaveDivision Holdings, LLC v. Highland Capital Management, L.P.</u>[29] for the premise that a tortious interference claim can only be proper if "the Defendant's sole motive was to interfere with the contract."[30] Defendants contend Mr. Puddicombe does not argue that "Defendants' sole motive was to interfere with the contract."[31] This argument misapprehends the decisional law upon which it relies, and, accordingly, fails.

In <u>Cousins v. Goodier</u>,[32] the Delaware Supreme Court considered the exact contention that <u>WaveDivision</u> held any claim of tortious interference required "the plaintiff to allege that the tortfeasor's sole motive was to interfere with the plaintiff's contract."[33] The <u>Cousins</u> court expressly rejected that premise, explicitly differentiating, "<u>WaveDivision</u> **did not** hold that a tortious interference claim

---

[28] <u>Id</u>. at 5.

[29] 49 A.3d 1168 (Del. 2012).

[30] Mot. to Dismiss at 4.

[31] <u>Id</u>.

[32] 283 A.3d 1140 (Del. 2022).

[33] <u>Id</u>. at 1165.

8

requires the plaintiff to allege that the tortfeasor's sole motive was to interfere with the plaintiff's contract."[34] As the Delaware Supreme Court has already considered Defendants' argument – and rejected it as inapposite to the holding of WaveDivision upon which Defendants rely – this Court must also reject Defendants' argument.

Defendants' second argument against tortious interference posits, "it is a rudimentary notion that parties to a contract cannot be liable for both breaching that contract and inducing the breach."[35] Defendants contend this notion bars Mr. Puddicombe's claim against all of the Defendants.[36] As Mr. Puddicombe's employer, the city of Milford qualifies as a party to his employment contract. Therefore, the city of Milford cannot be liable for both a breach of Mr. Puddicombe's employment contract *and* tortious interference with that contract. Mr. Puddicombe's claim for tortious interference by the city of Milford relating to his employment contract is dismissed.

Mr. Culotta, Mr. Whitfield, Mr. Shafer, and Ms. Williams (collectively, the "Individual Defendants") were not Mr. Puddicombe's employer, and thus presumably were not parties to his employment contract. "Employees or directors … cannot be held personally liable for inducing a breach of contract by their

---

[34] Id. (emphasis added).

[35] Mot. to Dismiss at 4.

[36] Mot. to Dismiss at 4-5.

[employer] when they act within their role."[37] That immunity is not absolute, and dissolves if the employee acts outside of her role.[38] The Complaint alleges that the Defendants acted outside of their role by lying about Mr. Puddicombe, and, at least implicitly, threatening him to compel compliance with their requests. Taking those allegations as true, the Complaint establishes a conceivable path for Mr. Puddicombe to succeed on a tortious interference claim against the Individual Defendants relating to his employment contract.

Mr. Puddicombe's second tortious interference claim concerns his contract with the American Public Works Association.[39] Defendants have not suggested they were a party to that contract. Defendants' Motion to Dismiss makes no argument regarding this claim. The Complaint alleges that Defendants interfered with this contract by cancelling previously approved travel in retaliation for Mr. Puddicombe exercising his right to take FMLA leave.[40] Taken as true, those allegations provide a conceivable path to recovery under this claim. This claim survives dismissal as to all Defendants.

---

[37] Schatzman v. Mod. Controls, Inc., 2024 WL 4249939, at *12 (Del. Super. Sept. 20, 2024) (internal quotations omitted) (quoting Shearin, 652 A.2d at 590).

[38] Id.

[39] Compl. at 5.

[40] Id.

### C.    Mr. Puddicombe's claim for civil conspiracy survives dismissal

Mr. Puddicombe next asserts a claim for civil conspiracy, alleging Defendants participated in a concerted effort to disparage him and cause his termination.[41] "Civil conspiracy is not an independent cause of action in Delaware – it must arise from some underlying wrong."[42]  Here, Mr. Puddicombe has sufficiently pled an underlying wrong:  at a minimum, his claim for Tortious Interference.

Defendants argue Mr. Puddicombe has failed to plead an underlying wrong, as explained by their effort to have all of Mr. Puddicombe's preceding claims dismissed.  For the reasons already stated, the Court disagrees with Defendants' characterization of Mr. Puddicombe's claims.  Mr. Puddicombe alleges the Defendants "spent time and effort orchestrating [his] dismissal."[43] At the motion to dismiss stage, coupled with the other allegations contained in the Complaint previously addressed, Mr. Puddicombe has established a conceivable claim for civil conspiracy against all Defendants.

---

[41] Id. at 6-7.

[42] Ramunno v. Cawley, 705 A.2d 1029, 1039 (Del. 1998) (cleaned up).

[43] Compl. at 6.

**D.**  **The Defendants failed to address Mr. Puddicombe's remaining claims in their Motion to Dismiss**

Mr. Puddicombe's final three claims are for Intentional Infliction of Emotional Distress; Trespass to Personal Property; and FMLA Retaliation.[44] Defendants make no mention of the Trespass to Personal Property or FMLA Retaliation claims in their Motion to Dismiss. As for the claim of Intentional Infliction of Emotional Distress, Defendants mention it only in passing as part of a recitation of Mr. Puddicombe's claims.

During oral argument, Defendants conceded the Trespass to Personal Property and FMLA Retaliation claims should proceed forward. For the first time, however, Defendants raised a defense under 10 Del. C. § 4011 only as to the Intentional Infliction of Emotional Distress claim.[45] § 4011 immunizes government entities and their employees from tort claims, "[e]xcept as otherwise provided by statute." § 4011(c) provides one such statutory exception for government employees, allowing them to be held "personally liable for acts or omissions causing property damage … in which the governmental entity is immune under this section, but only for those

---

[44] Id. at 7-10.

[45] During oral argument, counsel for Defendants cited 10 Del. C. § 4012 for the proposition that a government body and its employees are immune from liability for any tort claim. § 4012 enumerates the exceptions to that proposition. Accordingly, the Court understands Defendants as making an argument under § 4011, which provides a general immunity to "all governmental entities and their employers" for all tort claims.

acts which were not within the scope of employment, or which were performed with wanton negligence or willful and malicious intent." Viewing the allegations contained within the Complaint in a light most favorable to Mr. Puddicombe, it can be inferred that the Individual Defendants may have performed acts with "willful and malicious intent." At this stage, that determination remains within the province of the fact finder and survives a motion to dismiss.

Whether § 4011 should bar any claims against the City of Milford poses a trickier question. As Defendants did not raise a defense under § 4011 until oral argument, the Court instructed the parties to file supplemental briefing on three issues: (1) the applicability of § 4011 to Mr. Puddicombe's claims; (2) whether Mr. Puddicombe brought any claims under federal statute or regulation; and (3) whether any of Mr. Puddicombe's claims that may have been brought under federal law were thus exempt from the provisions of § 4011.[46] Defendants' letter addressing those issues reiterated their position that § 4011 should bar Mr. Puddicombe's claim for Intentional Infliction of Emotional Distress.[47] Curiously, Defendants now contend that Mr. Puddicombe *did not* raise any claims under federal statutes, irrespective of Count VII of the Complaint which sets forth a claim under the FMLA. Defendants

---

[46] D.I. 27 (July 30, 2025).

[47] D.I. 29 at 1 (Aug. 21, 2025).

13

concede that any claims brought by Mr. Puddicombe asserted "under federal statutory or regulatory authority" would not be prohibited by § 4011.[48]

Mr. Puddicombe's supplemental filing sets forth several federal and state laws that he posits permit his claims to proceed.[49] After providing a list of statutes he argues are applicable, Mr. Puddicombe restates each Count of the Complaint with an annotation that the Fourteenth Amendment; FMLA; and the Delaware Whistleblower Protection Act[50] prevent the application of § 4011 from barring his claims. Mr. Puddicombe did not assert a claim under the Delaware Whistleblower Protection act in his Complaint.

At the Motion to Dismiss stage, Defendants bear the burden of showing "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[51] Defendants have taken the position that "none of [Mr. Puddicombe's] claims are based upon federal statutes or regulations."[52] Not only did Mr. Puddicombe raise a claim under the FMLA – a

---

[48] Id. at 3.

[49] D.I. 30 at 1-3 (Aug. 21, 2025).

[50] 19 Del. C. § 1703.

[51] Kelsall v. BayHealth, Inc., 2015 WL 9312477, at *1 (Del. Super. Dec. 18, 2015) (internal quotations omitted) (quoting Thompson v. Medimmune, Inc., 2009 WL 1482237, at *4 (Del. Super. May 19, 2009)).

[52] D.I. 29 at 2-3.

federal statute – the other Counts of the Complaint are replete with references to the FMLA.[53] Defendants, when asked to consider whether Mr. Puddicombe's claims that are tied in any meaningful way to a federal statute would be immune from the provisions of § 4011, conceded, "[i]f Plaintiff had asserted a claim under federal statutory or regulatory authority, such claims would not be barred by the Tort Claims Act, which governs only state law tort liability."[54] As Defendants have failed to engage in any material way with Mr. Puddicombe's claims related to federal law, Defendants have not carried their burden to show a Motion to Dismiss should be granted on the basis of § 4011's provisions.[55]

## V. Conclusion

Accepting Mr. Puddicombe's well-pled allegations as true, he has demonstrated a conceivable path to recovery on Counts III, IV, V, VI, and VII.

---

[53] See e.g. Compl. at 4 (stating some of the events leading to Count II occurred "while Plaintiff was on FMLA leave."); id. at 5 ("Plaintiff responded to email informing Defendants … that the request constituted both FMLA harassment and would be breaking an existing contract."); id. at 5-6 (reiterating that "Defendants' request was both breaking a contract and a violation of FMLA law."); id. at 8 (detailing alleged violations of the FMLA); id. at 11 (containing a subheading that reads: "Count VII – FMLA Retaliation.")

[54] D.I. 29 at 3.

[55] During oral argument, Defendants summarized their argument as, "So I think at the end of the day what we heard today was a lot more than what's in the complaint. If those were the elements of what happened in this case, they should have been put in the Complaint. They weren't, we're stuck with what what's in the Complaint. When you look at the Complaint, it's deficient on all four of the claims or five of the claims that we've asserted today as a reason to dismiss them from this matter. **The Court can proceed forward with the two remaining claims, which were the FMLA claim and the trespass claim."** Audio Recording of Oral Argument at 12:30:37 (May 23, 2025) (emphasis added) (accessed through For The Record – Delaware State Courts).

15

Defendants' Motion to Dismiss is **DENIED** as to those counts.  Defendants' Motion to Dismiss Count I is **DENIED** as to the City of Milford and **GRANTED** as to the Individual Defendants.  Defendants' Motion to Dismiss Count II is **DENIED** as to the Individual Defendants and **GRANTED** as to the City of Milford.

     **IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge